# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIE B. SCHNEIDER, et al., | Case No. 1:15-cv-01106-JAM-SAB |
| Plaintiffs, | ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT |
| v. | ECF NO. 38 |
| VILLAS AT VILLAGIO, et al., | |
| Defendants. | |

On August 30, 2015, Plaintiff Richard L. Schneider filed a request for entry of default against Defendant IQ Data International ("IQ Data"). (ECF No. 38.) IQ Data filed an opposition on August 31, 2015. (ECF No. 39.) Plaintiff Richard L. Schneider filed a reply on September 7, 2015. (ECF No. 43.)

This action was originally filed by Plaintiffs Virgie B. Schneider and Richard L. Schneider ("Plaintiffs") in the Superior Court of California for the County of Stanislaus on June 16, 2015. Plaintiffs' complaint named Villas at Villagio, IQ DATA INTERNATIONAL INC, Transunion, Experian, Equifax, and Does 1-20 as defendants.

On July 17, 2015, Defendant Experian Information Solutions, Inc. ("Experian") filed a notice of removal. (ECF No. 1.) In the notice of removal, Experian stated that it was their understanding that IQ Data and TransUnion had not yet been served, but that Villas at Villagio and Equifax, Inc. ("Equifax") had consented to removal.

1    On August 21, 2015, Defendant I.Q. Data International, Inc. filed a separate notice of
2 removal which triggered the opening of a separate action, <u>Virgie B. Schneider, et al., v. Villas at
3 Villagio, et al.</u>, Case No. 1:15-cv-01302-TLN-MJS.  On August 28, 2015, IQ Data filed a notice
4 of related action and informed the Court that Plaintiffs' counsel had informed them that the same
5 state court action had been previously removed to federal court.  On August 28, 2015, IQ Data
6 filed a motion to dismiss in the other action.

7    On August 28, 2015, the Court issued an order to show cause regarding the two
8 separately removed actions.  (ECF No. 35.)  Plaintiff Richard L. Schneider filed a response on
9 September 1, 2015.  (ECF No. 40.)  Plaintiff's response states that IQ Data was not named as a
10 defendant or served in this action.  Plaintiff explains that there may be at least three entities with
11 similar names: I Q Data International Inc., IQ Data International, Inc., and I.Q. Data
12 International, Inc.

13    On September 15, 2015, the Court consolidated the two cases, dismissing the latter-filed
14 matter and permitting the parties to refile any pending motions from the dismissed matter in this
15 action.

16    Plaintiffs contend that "IQ Data International, Inc." is the proper defendant in this action
17 and "I.Q. Data International, Inc." is not the proper defendant.  It appears Plaintiffs contend that
18 the IQ Data entity which filed the notice of removal in the related action and the motion to
19 dismiss is not the entity Plaintiffs intended to sue.  However, regardless of whether IQ Data is
20 the "correct" IQ Data, it appears that Plaintiffs dragged this entity into court by serving them
21 with forms related to the service of summons in the state court action.  The proof of service for
22 IQ Data International, Inc. filed in this case by Plaintiff on August 17, 2015 (<u>see</u> ECF No. 29)
23 appears to be the same Notice and Acknowledgement of Receipt—Civil form attached to the
24 notice of removal filed by IQ Data in the related case.  Accordingly, if the IQ Data that appeared
25 in the related action is not the correct IQ Data, it would appear the fault lies with Plaintiffs for
26 serving the incorrect entity.  The IQ Data entity which filed the notice of removal in the related
27 action appears to be the IQ Data which was served by Plaintiff.  If this IQ Data entity is the
28 wrong entity, Plaintiff should not have served them with the summons and complaint.

In any case, it does not appear that entry of default against Defendant IQ Data International, Inc. is appropriate in this case. If Plaintiffs served the wrong entity, it would be improper to enter default against the correct entity since Plaintiffs have submitted no proof that the correct entity had been served and received notice of this action. If Plaintiffs served the correct entity, it would be improper to enter default against this entity because it made an appearance in this action and filed a responsive pleading in the related action. Any failure to file a responsive pleading in this action appears to be caused by IQ Data not receiving notice of the removal.

Accordingly, the Court will not grant Plaintiffs' request for entry of default. Plaintiffs brought Defendant I.Q. Data International, Inc. into this action and this entity has filed a responsive pleading. To the extent that Plaintiffs believe that the wrong entity has been served, it is up to Plaintiffs to secure dismissal of this entity via Federal Rule of Civil Procedure 41 and substitute the correct entity as defendant. Otherwise, this action will proceed against the entity served by Plaintiffs.

Based upon the foregoing, Plaintiff's request for entry of default against Defendant IQ Data International, Inc. is DENIED.

IT IS SO ORDERED.

Dated:   **September 15, 2015**

UNITED STATES MAGISTRATE JUDGE

3