# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIE B. SCHNEIDER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VILLAS AT VILLAGIO, et al.,<br><br>Defendants. | Case No. 1:15-cv-01106-JAM-SAB<br><br>ORDER FOR PLAINTIFFS TO SHOW CAUSE WHY I.Q. DATA INTERNATIONAL, INC. SHOULD NOT BE DISMISSED FROM THIS ACTION<br><br>RESPONSE DUE OCTOBER 21, 2015 |

On September 16, 2015, I.Q. DATA INTERNATIONAL, INC. filed a motion to dismiss. (ECF No. 48.) On October 6, 2015, Plaintiffs filed an opposition to the motion to dismiss. (ECF No. 55.)

For the reasons set forth below, the Court orders Plaintiffs to show cause why I.Q. DATA INTERNATIONAL, INC. should not be dismissed from this action.

**I.**

**BACKGROUND**

This action was originally filed by Plaintiffs Virgie B. Schneider and Richard L. Schneider ("Plaintiffs") in the Superior Court of California for the County of Stanislaus on June 16, 2015. Plaintiffs' complaint named Villas at Villagio, IQ DATA INTERNATIONAL INC[1],

---

[1] It appears that the precise punctuation and capitalization of the name of Defendant IQ DATA INTERNATIONAL INC is of significance, for reasons which made clear below. Accordingly, the Court reproduces the name exactly as it appears in the complaint filed by Plaintiffs in state court.

1

Transunion, Experian, Equifax, and Does 1-20 as defendants.

On July 17, 2015, Defendant Experian Information Solutions, Inc. ("Experian") filed a notice of removal. (ECF No. 1.) In the notice of removal, Experian stated that it was their understanding that Defendant IQ DATA INTERNATIONAL INC and TransUnion had not yet been served, but that Villas at Villagio and Equifax, Inc. ("Equifax") had consented to removal.

On August 21, 2015, an entity named "I.Q. DATA INTERNATIONAL, INC.[2]" filed a separate notice of removal which triggered the opening of a separate action in this Court, <u>Virgie B. Schneider, et al., v. Villas at Villagio, et al.</u>, Case No. 1:15-cv-01302-TLN-MJS. This entity, I.Q. DATA INTERNATIONAL, INC., later filed a notice of related action informing the Court that the same state court action had been previously removed to federal court.

On August 28, 2015, the Court issued an order to show cause to determine why the same state court action had been removed on two separate occasions, triggering the opening of two separate federal actions. (ECF No. 35.) Plaintiff Richard L. Schneider filed a response on September 1, 2015. (ECF No. 40.) Plaintiff's response states that I.Q. DATA INTERNATIONAL, INC. was not named as a defendant or served in this action. Plaintiff explains that there may be at least three entities with similar names: I Q Data International Inc., IQ Data International, Inc., and I.Q. Data International, Inc. Plaintiff's position was that the I.Q. DATA INTERNATIONAL, INC. entity which filed the notice of removal was not the correct entity which Plaintiff intended to sue.

On September 15, 2015, the Court consolidated the two cases, dismissing the latter-filed matter and permitting the parties to refile any pending motions from the dismissed matter in this action.

Plaintiffs filed a request for entry of default against Defendant IQ DATA INTERNATIONAL, INC. on August 30, 2015. On September 16, 2015, the Court issued an order denying entry of default. The Court acknowledged that the two names for the entity were

---

[2] Again, the Court reproduces the name of this entity precisely as it appears in the August 21, 2015 notice of removal. Notably, IQ DATA INTERNATIONAL INC and I.Q. DATA INTERNATIONAL, INC. are slightly different, with the latter name including periods (".") after the "I" and "Q" and a comma (",") after "INTERNATIONAL."

1  superficially different.  However, Plaintiffs hailed I.Q. DATA INTERNATIONAL, INC. into
2  this action by sending I.Q. DATA INTERNATIONAL, INC. a "Notice and Acknowledgment of
3  Receipt" form, and filing I.Q. DATA INTERNATIONAL, INC.'s Acknowledgment of Receipt
4  as proof of the execution of the summons on August 17, 2015.  (ECF No. 29.)

5        I.Q. DATA INTERNATIONAL, INC. filed a motion to dismiss on August 16, 2015.
6  (ECF No. 48.)  Plaintiffs filed an opposition on October 6, 2015, which, among other arguments,
7  argues that I.Q. DATA INTERNATIONAL, INC. cannot move to dismiss this action because
8  they are not a proper defendant in this action.

## II.

## DISCUSSION

11        In their opposition to the motion to dismiss, Plaintiffs argue that I.Q. DATA
12  INTERNATIONAL, INC. has not been sued by Plaintiffs, that Plaintiffs have not raised any
13  claims against them, and that Plaintiffs have not served them.  If I.Q. DATA
14  INTERNATIONAL, INC. is not the correct entity named as a defendant in this action, they
15  should be dismissed from this action.  Accordingly, the Court will order Plaintiffs to show cause
16  why I.Q. DATA INTERNATIONAL, INC. should not be dismissed from this action.

17        Contrary to Plaintiffs' contention that I.Q. DATA INTERNATIONAL, INC. was never
18  served by Plaintiffs, it appears that Plaintiffs mailed a Notice and Acknowledgment of Receipt
19  form to I.Q. DATA INTERNATIONAL, INC. pursuant to California Code of Civil Procedure §
20  415.30.  Section 415.30 permits service of a summons by mail if the defendant served executes a
21  written acknowledgment upon receipt of the summons.  A person named Michael O'Meara
22  executed a written acknowledgment of receipt.  Michael O'Meara presumably executed the
23  written acknowledgment as a proper agent for service of process on behalf of I.Q. DATA
24  INTERNATIONAL, INC., as the form appears identical to the one attached to the Notice of
25  Removal filed by I.Q. DATA INTERNATIONAL, INC.

26        It appears that Plaintiffs intended to mail the Notice and Acknowledgment of Receipt
27  form to IQ DATA INTERNATIONAL INC but it was received by I.Q. DATA
28  INTERNATIONAL, INC., a wholly separate and unrelated entity accord to Plaintiffs.  A rational

and prudent attorney in this type of situation, having hailed the wrong entity into court, would voluntarily dismiss the incorrect entity from the suit as soon as possible, in order to avoid unwarranted burden and expense borne by this case of mistaken identity.  Plaintiffs did not respond rationally or prudently.  Accordingly, the Court will now require Plaintiffs to show cause why this "incorrect" entity, I.Q. DATA INTERNATIONAL, INC., should not be dismissed from this action.

The Court also notes that it is unclear whether the "correct" entity, IQ DATA INTERNATIONAL INC, has been _properly_ served by Plaintiffs.  The Notice and Acknowledgment of Receipt form filed on August 17, 2015 appears to be invalid as proof of service for IQ DATA INTERNATIONAL INC because it appears the written acknowledgment was executed by a representative from I.Q. DATA INTERNATIONAL, INC.  A representative from I.Q. DATA INTERNATIONAL, INC. cannot validly accept service on behalf of the wholly separate and unrelated entity, IQ DATA INTERNATIONAL INC.  Plaintiffs also filed a "Proof of Service" on July 26, 2015.  (ECF No. 13.)  However, this does not constitute valid proof of service of the summons and complaint, as it only pertains to the service of a "Notice of motion and motion to serve IQ DATA INTERNATIONAL, INC through the CA SOS"[3] and the form itself states "Do not use this proof of service to show service of a Summons and complaint."[4]  Plaintiffs' opposition indicates that IQ DATA INTERNATIONAL INC has not yet been validly served because Plaintiffs are still investigating whether the entity still exists.

Accordingly, the Court will order Plaintiffs to file any and all proof that the correct entity, IQ DATA INTERNATIONAL INC, has been properly served with the summons and complaint in this action.  If IQ DATA INTERNATIONAL INC has not yet been served, Plaintiffs shall provide a brief summary of Plaintiffs' attempts to serve IQ DATA

---

[3] California Code of Civil Procedure § 416.10(d) and California Corporations Code § 1702 permit service of process for a corporation upon the California Secretary of State, if authorized by the state court upon a showing that the corporation cannot be served with reasonable diligence by other methods.  There is no indication that Plaintiff had validly served IQ DATA INTERNATIONAL INC under this provision.

[4] The Court also notes that the Proof of Service form is a state court form, yet Plaintiffs filled it out with information pertaining to this Court, a federal court.  It is unclear why this form was even filed with the Court in the first place, but the Court advises Plaintiff to use federal court forms for federal court filings.

INTERNATIONAL INC and an estimate as to how long it will take to execute service. The Court notes that Federal Rule of Civil Procedure 4(m) establishes a 120 day time limit to serve a defendant.

Based upon the foregoing, it is HEREBY ORDERED that:

1. Plaintiffs shall SHOW CAUSE why I.Q. DATA INTERNATIONAL, INC. should not be dismissed from this action because it mistakenly appeared to defend the claims against IQ DATA INTERNATIONAL INC, a wholly separate and unrelated entity according to Plaintiffs;

2. Plaintiffs shall either A) file a proof of service showing that IQ DATA INTERNATIONAL INC has been properly served, or B) inform the Court of what efforts Plaintiffs have made to effectuate service on IQ DATA INTERNATIONAL INC and provide an estimate as to how long it will take to properly serve them; and

3. Plaintiffs response to this order shall be filed no later than October 21, 2015.

IT IS SO ORDERED.

Dated: **October 15, 2015**

UNITED STATES MAGISTRATE JUDGE